[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 96-1692

UNITED STATES,

Appellee,

v.

DAVID LYNWOOD BOWDEN, JR.,

Defendant, Appellant.



ERRATA SHEET

The opinion of this court issued on October 28, 1996 is amended
as follows:

On page 2, line 6, correct the spelling of "inerrelated" to
"interrelated."

[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 96-1692

UNITED STATES,

Appellee,

v.

DAVID LYNWOOD BOWDEN, JR.,

Defendant, Appellant.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Morton A. Brody, U.S. District Judge] 



Before

Torruella, Chief Judge, 
Boudin and Lynch, Circuit Judges. 



Brett D. Baber and Rudman & Winchell on brief for appellant. 
Jay P. McCloskey, United States Attorney, James L. McCarthy and 
Margaret D. McGaughey, Assistant United States Attorneys, on brief for 
appellee.



October 28, 1996


Per Curiam. David L. Bowden appeals from his 

conviction for unlawful possession of a firearm by a felon,

in violation of 18 U.S.C. 922(g)(1) and 924(e). The

government has moved for summary affirmance pursuant to Loc.

R. 27.1. We grant the government's motion for the following

reasons.

Bowden makes three interrelated arguments. First

he contends that 922(g) is unconstitutional under the

reasoning of United States v. Lopez, 115 S. Ct. 1624 (1995). 

"This issue is no longer open in this circuit." United 

States v. Joost, 92 F.3d 7, 14 (1st Cir. 1996). Bowden's 

remaining arguments are that 922(g) requires proof that

possession of the firearm had a "substantial effect" upon

interstate commerce, and that the jury instructions were

flawed for not including that requirement. In United States 

v. Blais, No. 95-1093, slip op. at 8 (1st Cir. August 28, 

1996), we rejected precisely the arguments that Bowden makes

here "about Lopez's alteration of the Scarborough standard of 

minimal nexus."

Bowden's conviction is summarily affirmed. See Loc. 

R. 27.1.

-2-